is rendered; . . A failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally." It seems clear that this limitation on the time for taking an appeal applies only to a *defendant* who questions the jurisdiction of the court and who is specifically given the right of appeal from an *interlocutory judgment* against him on that question. *Wilson v. Garland,* 287 Pa. 291, 293, 135 A. 131. As to the Commonwealth, as plaintiff, representing the interests of respondent's wife seeking support, the judgment was final and not interlocutory since it dismissed the cause of action. 9 Stand. Pa. Prac., Appeals, §24. The 1925 Act, supra, does not apply to a plaintiff's right of appeal from such final judgment (cf. *Mauser v. Mauser et ux.,* 326 Pa. 257, 260, 192 A. 137) and plaintiff's appeal taken within 36 days from the final order of the court entered on July 20, 1953, was in time.

Order reversed with a procedendo.

Republic Fuel & Burner Company, Appellant, *v.* Girard.

Argued October 14, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

The facts are stated in the opinion, by TOAL, J., of the court below, as follows:

This matter involves a petition to open a judgment filed by the defendants to let them into a defense. The parties entered into a written contract on January 28, 1949, whereby the plaintiff agreed to install necessary equipment for the proper air-conditioning of defendants' bowling alley on the first floor of premises 3245 Garrett Road, Drexel Hill, Pennsylvania, owned by Thomas L. Girard. The total cost of the contract was $5288.00 and the defendants paid $3385.15 on account leaving a balance due of $1902.85. The defendants have refused to pay this balance and claim that there has been a breach of warranty on the part of the plaintiff in that the air-conditioning equipment installed by the plaintiff has completely failed to function in accordance with the terms of the written contract. The plaintiff entered judgment by confession against the defendants on a warrant of attorney contained in the contract for the sum of $2188.24 and issued execution on May 6, 1952. Thereupon defendants filed this petition to open the judgment and be let into a defense and also to assert their counterclaim. Testimony was taken on the defendants' amended petition and rule before TOAL, J. on November 28, 1952, December 19, 1952 and concluded on February 6, 1953. The Court directed that

the notes of testimony be transcribed and that the case be argued before the Court en banc. This having been done the matter is ready for disposition. On the 22nd day of April 1953 the Court issued an Order opening the said judgment and letting the defendants into a defense and permitting them to assert their counterclaim. The plaintiff thereupon took an appeal from said Order on April 30, 1953 in the Superior Court of Pennsylvania as of No. 88, October Term, 1953.

The burden is on the defendants to establish a prima facie case of breach of warranty against the plaintiff and having done so the judgment must be opened and the defendants must be permitted to submit their defense to a jury and to endeavor to prove their counterclaim. The defendants produced uncontradicted testimony to the effect that the equipment installed by the plaintiff failed to produce the functions expressly warranted under the terms of the contract. The contract provides as follows:

    1.   Area to be air-conditioned

          First Floor—Bowling Alley

    2.   Functions of System

The system hereinafter described will provide the following air-conditioning functions:

| *Summer Operations* | *Winter Operations* |
| --- | --- |
| Cooling | Ventilating |
| Dehumidifying | Air-circulating |
| Ventilating | Air-filtering |
| Air-Filtering | |
| Air-Conditioning | |

The evidence indicated that the air-conditioning equipment, in order to function satisfactorily, should produce an inside temperature of 10 to 12 degrees lower than the temperature outside the building. At no time did the equipment reduce the temperature of the first floor of the bowling alley more than one or two degrees

and therefore it failed to function as warranted in the contract.

The plaintiff endeavored to show that it was never intended under the contract to air-condition the entire first floor of the bowling alley but only to spot-air-condition that part of the bowling alley at or near the foul line. This raises a question of fact which should be submitted to a jury.

The defendant notified the plaintiff in writing on several occasions, commencing May 12, 1949, that the equipment was not functioning as warranted and demanded that the plaintiff either cause the said equipment to function as warranted or to remove it from the premises. The plaintiff refused to remove the equipment and after many attempts to correct the defective equipment finally proceeded to collect the balance of the contract price by confessing judgment against the defendants.

Application to open a confessed judgment is addressed to the sound discretion of the Court which, in the exercise thereof, is governed by equitable principles, and, on appeal, the Court's dispositive order will not be reversed except for a clear abuse of discretion. *Poelcher v. Poelcher,* 366 Pa. 3 (1950). *Stoner v. Sley System Garages,* 353 Pa. 532 (1946). *Lloyd v. Jacoby,* 156 Pa. Superior Ct. 105 (1944).

In the case of *Plympton Cabinet Company v. Rosenberg,* 96 Pa. Superior Ct. 330 (1929), the lower court refused to open a judgment entered by confession against defendants under contracts covering the sale of two electric refrigerating cabinets by plaintiff to defendants. The contract for one of the cabinets set forth that "This cabinet must prove satisfactory in every way, or full purchase price will be refunded". The appellate court in reversing the lower court construed the clause to mean that the cabinet would prove satisfactory.

and properly refrigerate defendants' meats, and let the defendants into a defense. Judge KELLER stated on page 334, "It is unnecessary to review the evidence taken on the rule. It was sufficient to make a prima facie showing of breach of warranty, and establish a failure on the part of the seller to deliver a satisfactory cabinet. Complaint was seasonably made, followed by continuous attempts on the part of the seller to rectify the trouble without avail * * *"

We are of the opinion that the confessed judgment entered in the case at bar has been properly opened and the defendants let into a defense and to assert their counter-claim.

Plaintiff appealed.

*Irwin Paul,* for appellant.

*Martin F. Hatch,* for appellees.

PER CURIAM, March 16, 1954:
The order is affirmed on the opinion of Judge TOAL.

White Oak Borough Authority, Appellant, *v.*
Pennsylvania Public Utility Commission.